**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Maurillo TREJO, Defendant–Appellee.**

No. 09–30354.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 19, 2011.*

Filed Dec. 21, 2011.

Alexander C. Ekstrom, Assistant U.S. Attorney, USYA–Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellant.

John R. Crowley, The Crowley Law Firm, PLLC, Seattle, WA, for Defendant–Appellee.

Before: GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

## MEMORANDUM **

The government appeals from the district court's order granting defendant

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Maurillo Trejo's motion to suppress evidence seized pursuant to a vehicle search incident to his arrest. We have jurisdiction under 18 U.S.C. § 3731, and we vacate the order and remand for reconsideration.

The government concedes that the search of Trejo's vehicle after he was handcuffed and placed in the back of a patrol car was unconstitutional under *Arizona v. Gant*, 556 U.S. 332, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009), but contends that it was permissible under the good-faith exception for searches conducted in reliance on binding precedent. The Supreme Court recently held that "searches conducted in objectively reasonable reliance on binding appellate precedent are not subject to the exclusionary rule." *Davis v. United States*, —— U.S. ——, 131 S.Ct. 2419, 2428–29, 180 L.Ed.2d 285 (2011). The search of Trejo's vehicle occurred prior to the Supreme Court's decision in *Gant*, and was conducted in compliance with *New York v. Belton*, 453 U.S. 454, 460, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), which was binding appellate precedent at the time of the search. Accordingly, we vacate and remand for the district court to reconsider its order in light of *Davis*.

**VACATED AND REMANDED.**